IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND GRAVES,

    Plaintiff,

v.   Case No. _____

JIM BROWNE CHEVROLET, INC., a
Florida Profit Corporation,

                              JURY TRIAL DEMANDED

    Defendant.
_____/

## COMPLAINT

Plaintiff Raymond Graves ("Graves" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against the Defendant, Jim Browne Chevrolet, Inc., a Florida Profit Corporation ("Jim Browne" or "Defendant"), and states as follows:

### PARTIES

1. Plaintiff Graves is an individual over 18 years of age and is thus *sui juris*.

2. Graves currently resides in Hillsborough County, Florida, and did at all times relevant to the allegations herein reside in Hillsborough County, Florida.

3. Defendant Jim Browne Chevrolet, Inc. is a Florida Profit Corporation authorized to do business in the state of Florida.

### JURISDICTION AND VENUE

4. This is an action under one or more federal laws; specifically, Title VII of the Civil Rights Act of 1964, as amended, the Fair Labor Standards Act of 1938 ("FLSA"), and 42 U.S.C. § 1981.

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

7. Furthermore, the Tampa Division is the proper division. M.D. Fla. Loc. R. 1.02(b)(4).

## GENERAL ALLEGATIONS

8. Graves was employed by the Defendant from May 8, 2017 until on or about July 6, 2017.

9. Graves worked for the Defendant as an automobile salesperson.

10. Graves is a black male.

11. During the course of employment, Graves reported to management that he believed he was not being paid consistently with the FLSA.

12. Marcus Hyde ("Hyde"), a white male who was also an automobile salesperson, also reported wage payments he believed were insufficient under the FLSA.

13. After reporting the underpayment, Graves was terminated from his employment while Hyde was retained.

14. Graves fulfilled all conditions precedent and/or administrative prerequisites to the causes of action herein, to the extent such conditions existed. (Exh. A.)

## COUNT I (RACE DISCRIMINATION IN VIOLATION OF TITLE VII)

15. Graves reaffirms and realleges paragraphs 1-14 above.

16. At all relevant times the Defendant had 15 or more employees.

17. Graves was employed by the Defendant.

18. Thus, the Defendant was Graves's "employer" within the meaning of Title VII.

19. Graves was and is in a protected class based upon his race, black.

20. Hyde is a similarly-situated individual outside of Graves's protected class, in that Hyde is white and his employment was comparable to Graves's in all relevant respects.

21. Hyde was treated more favorably that Graves based at least in part on Hyde's race.

22. Graves suffered an adverse employment action when he was terminated from his employment with the Defendant.

23. Hyde was not terminated from his employment with the Defendant, despite having also reported incorrect payments.

24. Thus, Graves was discriminated against on the basis of his race within the meaning of Title VII.

25. As a direct and proximate result of the Defendant's unlawful employment actions, Graves has suffered and will continue to suffer damages into the indefinite future.

26. Graves is incurring costs and has retained the services of undersigned counsel, to whom he is obligated to remit a fee, in connection with the pursuit of his legal rights.

WHEREFORE, Graves demands that the Court enter judgment against the Defendant for the following:

    a. Back wages and benefits;

    b. Reinstatement or front pay;

    c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

    d. Attorneys' fees and costs;

    e. Pre-judgment interest; and

    f. Any other relief the Court deems just and proper.

**COUNT II (RACE DISCRIMINATIN IN VIOLATION OF THE FCRA)**

27. Graves reaffirms and realleges paragraphs 1-14, 16-17, and 19-26 above.

28. The Defendant was Graves's "employer" within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

29. The Defendant's actions were taken with reckless disregard for Graves's protected rights under the FCRA, in that the Defendant is a large and well-established corporation which could and should have been fully aware of state laws prohibiting discrimination.

WHEREFORE, Graves demands that the Court enter judgment against the Defendant for the following:

   a. Back wages and benefits;

   b. Reinstatement or front pay;

   c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

   d. Attorneys' fees and costs;

   e. Pre-judgment interest;

   f. Punitive damages; and

   g. Any other relief the Court deems just and proper.

**COUNT III (RACE DISCRIMINATIN IN VIOLATION OF 42 U.S.C. § 1981)**

30. Graves reaffirms and realleges paragraphs 1-14, 16-17, and 19-26 above.

31. Graves's race was at least a motivating factor in the Defendant's decision to terminate Graves's employment.

WHEREFORE, Graves demands that the Court enter judgment against the Defendant for the following:

   a. Back wages and benefits;

   b. Reinstatement or front pay;

   c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

   d. Attorneys' fees and costs;

   e. Pre-judgment interest; and

   f. Any other relief the Court deems just and proper.

## COUNT IV (RACE DISCRIMINATIN IN VIOLATION OF THE CITY OF TAMPA HUMAN RIGHTS ORDINANCE)

32. Graves reaffirms and realleges paragraphs 1-14, 17, and 19-26 above.

33. At all times relevant hereto, the Defendant employed 5 or more individuals who worked at least 30 hours per week in each of the 13 or more calendar weeks in 2017 or the preceding year.

34. Thus, the Defendant was Graves's "employer" within the meaning of the City of Tampa Human Rights Ordinance ("Ordinance").

35. The Defendant operates its business at a location within the City of Tampa's city limits and is therefore subject to the Ordinance's prohibition on race discrimination.

WHEREFORE, Graves demands that the Court enter judgment against the Defendant for the following:

a. Back wages and benefits;

b. Reinstatement or front pay;

c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

d. Declaratory and injunctive relief;

e. Attorneys' fees and costs;

f. Pre-judgment interest;

g. Punitive damages; and

h. Any other relief the Court deems just and proper.

## COUNT V (FLSA RETALIATION)

36. Graves reaffirms and realleges paragraphs 1-9, 11, and 13 above.

37. At all times relevant hereto, the Defendant had an annual gross volume of sales of at least $500,000.00.

38. Therefore, the Defendant is a "covered enterprise" within the meaning of the FLSA.

39. The Defendant retaliated against Graves by terminating his employment after he reported actual or reasonably perceived violations of the FLSA.

WHEREFORE, Graves demands that the Court enter judgment against the Defendant for the following:

a. Back wages and benefits;

b. Liquidated damages;

c. Reinstatement or front pay;

d. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

e. Attorneys' fees and costs;

f. Pre-judgment interest; and

g. Any other relief the Court deems just and proper.

## COUNT VI (FLORIDA WHISTLE-BLOWER RETALIATION)

40. Graves reaffirms and realleges paragraphs 1-9, 11, and 13 above.

41. At all relevant times the Defendant had 10 or more employees.

42. Graves was employed by the Defendant.

43. Thus, the Defendant was Graves's "employer" within the meaning of the Florida Whistle-Blower Act ("the Act"). Fla. Stat. § 448.102, *et seq*.

44. Graves became a protected individual within the meaning of the Act when he reported an actual or reasonably suspected violation of law to the Defendant.

45. In particular, Graves reasonably believed that the Defendant was not paying him consistently with the requirements of the FLSA.

46. Alternatively, Graves reported an actual violation of the FLSA to the Defendant.

47. The Defendant retaliated against Graves by terminating his employment after he reported actual or reasonably perceived violations of the FLSA.

WHEREFORE, Graves demands that the Court enter judgment against the Defendant for the following:

a. Back wages and benefits;

b. Reinstatement or front pay;

c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

d. Attorneys' fees and costs;

e. Pre-judgment interest; and

f. Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 15th day of April, 2019.

/s/ Shaina Thorpe
**SHAINA THORPE**
Florida Bar No. 0055464
Primary: shaina@thorpelawyers.com
Secondary: angel@thorpelawyers.com

**THORPE & THORPE, P.A.**
1228 East 7th Ave., Ste. 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Raymond Graves*